IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LILY GIMBY, an individual,

        Plaintiff,

v.

OREGON HEALTH AND SCIENCE
UNIVERSITY SCHOOL OF NURSING,
an independent public corporation,

        Defendant.

No. 3:23-cv-01295-HZ

OPINION & ORDER

Caroline Janzen
Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, OR 97005

    Attorney for Plaintiff

Brenda K. Baumgart
Thomas Johnson
Sophie Shaddy-Farnsworth
Alex Van Rysselberghe
Stoel Rives LLP
760 SW Ninth Ave, Suite 3000
Portland, OR 97205

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Lily Gimby brings a religious discrimination claim against Defendant Oregon Health and Science University ("OHSU") under Title VII of the Civil Rights Act of 1964 ("Title VII"). Am. Compl., ECF 17. Defendant moves to dismiss Plaintiff's Amended Complaint for failure to state a claim. ECF 21. For the following reasons, the Court grants the Motion.

## BACKGROUND

Plaintiff was admitted as a student at OHSU's School of Nursing in April 2020 and entered the program as a full-time student in the fall of 2020. Am. Compl. ¶ 9. She performed well in her classes. *Id.* Plaintiff has deeply held Christian beliefs. *Id.* ¶ 10.

The COVID-19 pandemic manifested in Oregon in February 2020, and Defendant imposed "rules and regulations to protect against infection, which included the wearing of PPE, testing for COVID-19 if indicated, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary." *Id.* ¶¶ 11-12. Plaintiff followed these rules. *Id.* ¶ 12. "In the winter and spring terms she was in clinical rotations with direct contact with patients while wearing full personal protective equipment (PPE) and testing weekly for COVID-19." *Id.* ¶ 9. "During 2021, Plaintiff was a W-2 employee, who received an offer letter and a paycheck." *Id.*

"In the summer of 2021, during the time Plaintiff was an employee of OHSU, Plaintiff was notified that the Defendant would be implementing and enforcing an institution-wide vaccine mandate. Plaintiff was informed that those individuals with religious or medical conditions could apply for an exception to the vaccine." *Id.* ¶ 13. Plaintiff filed for a religious exemption on or about September 15, 2021. *Id.* ¶ 14. On or about October 8, 2021, she was informed that her application had been denied by Defendant. *Id.* ¶ 15. Her clinical site, Albany

General Hospital, approved her exemption. *Id.* Defendant informed Plaintiff that she could not fulfill her duties as a nursing student if she did not take the vaccine, so she was forced to take a leave of absence. *Id.* ¶¶ 16-17. She "suffered stress, anxiety, fear, anger, sadness, and financial stress, which caused physical sickness. Plaintiff felt completely unsupported by Defendant and totally wronged." *Id.* ¶ 19. She alleges that she suffered economic loss and emotional distress. *Id.* ¶ 22.

In her single claim for relief under Title VII, Plaintiff alleges that Defendant failed to make a good-faith effort to accommodate her religious beliefs, which led to her being forced out of the nursing program. *Id.* ¶¶ 24-26. Plaintiff sued Defendant on September 9, 2023, bringing claims under Title VII and Oregon law. Compl., ECF 1. Defendant moved to dismiss the Complaint. ECF 5. Plaintiff agreed to dismiss her state-law claim, and the Court dismissed her Title VII claim with leave to amend. Op. & Ord., ECF 16. Plaintiff filed her Amended Complaint, which Defendant again moves to dismiss. The Court took the Motion under advisement on May 23, 2024.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of her "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

## DISCUSSION

The Court concludes that Plaintiff has failed to state a claim under Title VII and denies leave to amend because it would be futile.

### I.     Failure to State a Claim

Defendant argues that the Amended Complaint fails to allege that Plaintiff was an employee under Title VII. Def. Mot. 5-7. As the Court explained in ruling on Defendant's first motion to dismiss, to qualify as an employee under Title VII, Plaintiff must (1) receive "substantial benefits" from the alleged employment, and (2) satisfy the common law agency test reflecting a sufficient degree of control by the alleged employer over the alleged employee. Op. & Ord. 4-5. The Court dismissed Plaintiff's original Complaint because she did not adequately allege facts establishing either requirement. *Id.* at 5.

In the Amended Complaint, Plaintiff satisfies the first requirement but not the second. She alleges that she was a W-2 employee who received a paycheck. Am. Compl. ¶ 9. Defendant

does not dispute that a wage can qualify as a substantial benefit. *See* Def. Mot. 6. Defendant focuses on the second element, arguing that Plaintiff does not allege enough facts to satisfy the common law agency test. *Id.* at 6-7. Defendant is correct. Plaintiff alleges several times in the Amended Complaint that she was an "employee" of Defendant. Am. Compl. ¶¶ 4, 9, 13. She alleges that she "was in clinical rotations with direct contact with patients." *Id.* ¶ 9. She alleges that Albany General Hospital was her clinical site. *Id.* ¶ 15. The latter two allegations were in the original Complaint. The allegations that Plaintiff was an "employee" are conclusory. Plaintiff does not allege facts addressing most of the common law agency factors, which the Court listed in its first Opinion and Order. Op. & Ord. 5. Plaintiff does not plausibly allege that Defendant controlled her as an employee rather than as a student. *See* Def. Mot. 7.

Plaintiff argues that "a commonsense reading of the Amended Complaint establishes that she was both a student and an employee simultaneously, so the discrimination impacted both statuses, given that she was forced out of the institution." Pl. Resp. 7, ECF 25. Her argument fails because she does not adequately allege that she was an employee under Title VII. She does not dispute that her status as a student does not on its own give rise to a claim under Title VII. *See id.*

Next, Defendant argues that even if Plaintiff had plausibly alleged that she was an employee under Title VII, the employment relationship ended before the alleged discrimination occurred. Def. Mot. 7-8. Defendant submits copies of Plaintiff's W-2 and paystubs from OHSU. Van Rysselberghe Decl. Exs. 1-2, ECF 22. Defendant asserts that these documents were incorporated into the Amended Complaint by reference. Def. Mot. 8 n.2. The Court agrees.

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil

Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). However, a court "may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). In contrast, the "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). And a document that "merely creates a defense to the well-pled allegations in the complaint" generally should not be incorporated by reference because it "did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.

The Amended Complaint states, "During 2021, Plaintiff was a W-2 employee, who received an offer letter and a paycheck." Am. Compl. ¶ 9. This allegation is central to Plaintiff's claim. Plaintiff does not contest the authenticity of the copies of her W-2 and paychecks attached to Defendant's Motion. Instead, she asserts that they are "improper extrinsic evidence." Pl. Resp. 6. Plaintiff is incorrect. "The doctrine [of incorporation by reference] prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. Plaintiff may not base her claim substantially on the allegation that she was a W-2 employee who received a paycheck while arguing that her W-2 and paychecks cannot be considered. These documents were incorporated into the Amended Complaint by reference.

Plaintiff received a paystub from Defendant for pay periods between June 21, 2021, and September 12, 2021. Van Rysselberghe Decl. Ex. 1. The amount from these paychecks matches the amount on her W-2 for 2021. *Id.* Ex. 2. Thus, Plaintiff did not receive any wages from Defendant after September 12, 2021. She alleges that she was denied a religious exemption to

6 – OPINION & ORDER

the vaccine requirement on October 8, 2021. Am. Compl. ¶ 15. Defendant was not paying Plaintiff a wage at the time her exemption was denied. Plaintiff does not allege that she received any other substantial benefit besides wages.

Plaintiff argues that "Defendant began implementing its discriminatory actions in the summer of 2021, a time period that even it must concede was when Plaintiff was on the Defendant's payroll." Pl. Resp. 6 (citing Am. Compl. ¶ 13). The Amended Complaint alleges that in summer of 2021, Defendant notified Plaintiff that it would be implementing and enforcing the vaccination requirement, and that individuals with religious or medical conditions could apply for an exception. Am. Compl. ¶ 13. She alleges that she applied for a religious exception on September 15, 2021, and that it was denied on October 8, 2021. *Id.* ¶¶ 14-15. The Amended Complaint does not allege any discriminatory acts in summer of 2021, only that the policy was announced and that she could apply for an exception. She did not apply for one until after the date of her last paycheck, and it was not denied until October 2021.

Plaintiff also argues that she "has pleaded facts showing that she was continuing to work in a clinical setting as part of her relationship with Defendant at the time it denied her requested exemption and forced her out of the institution." Pl. Resp. 6 (citing Am. Compl. ¶ 15). The Amended Complaint alleges that Plaintiff's "clinical site, Albany General Hospital, approved her exceptions." Am. Compl. ¶ 15. Defendant correctly points out that at most, this allegation shows that Albany General may have exercised some level of control over Plaintiff as an employee. Def. Reply 4, ECF 26. The Amended Complaint does not plausibly allege that Defendant exercised some level of control over Plaintiff as an employee after September 12, 2021, or that Plaintiff derived substantial benefits from Defendant as an employee after that date. Plaintiff fails to allege that she was an employee under Title VII and fails to allege that she was subjected to

7 – OPINION & ORDER

employment discrimination when her religious exception to Defendant's vaccination requirement was denied. Her claim for relief must be dismissed.

## II. Leave to Amend

Once the period for amending pleadings as a matter of course has elapsed, "a party may amend its pleading only with the opposing party's written consent or with the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* However, the court need not grant leave to amend where the amendment "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) (internal quotation omitted). Amendment is futile "only if no set of facts can be proved . . . that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "The district court's discretion to deny leave to amend is particularly broad" when the court has previously granted the plaintiff leave to amend and the plaintiff has failed to add the requisite allegations to support the claims. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal quotations and alteration omitted).

Defendant asks the Court to dismiss Plaintiff's claim with prejudice, arguing that amendment would be futile. Def. Mot. 10. Plaintiff requests leave to amend. Pl. Resp. 7-8. The Court concludes that leave to amend would be futile. In dismissing Plaintiff's original Complaint, the Court enumerated its deficiencies and told Plaintiff what she needed to do to cure them. Defendant correctly points out that the Amended Complaint added very little of substance.

Def. Reply 5. Plaintiff added conclusory allegations that she was an employee, and she alleged that she received a W-2 and paycheck from Defendant. Those allegations, and the documents on which they were based, show that her student employment ended before the alleged discriminatory conduct. And Plaintiff did not add new allegations showing that she could satisfy the common law agency test, despite the Court's holding that this was necessary to state a claim. Plaintiff has identified no allegations she might add that would remedy these defects. The Court therefore declines to grant leave to amend.

## CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss [21]. Plaintiff's Amended Complaint [17] is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED: June 14, 2024.

MARCO A. HERNÁNDEZ
United States District Judge